# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN TRAIL,<br><br>   Plaintiff,<br><br>v.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>   Defendants. | Court File No. 20-cv-01153-JRT-KMM |
| KEVIN KANE,<br><br>   Plaintiff,<br><br>v.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>   Defendants. | Court File No. 20-cv-01157-JRT-KMM |
| ROBERT TAYLOR,<br><br>   Plaintiff,<br><br>v.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>   Defendants. | Court File No. 20-cv-01161-JRT-KMM |

| | |
|---|---|
| JEFF HALL,<br><br>       Plaintiff,<br><br>v.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>       Defendants. | Court File No. 20-cv-01166-JRT-KMM |
| VINCENT GONZALES,<br><br>       Plaintiff,<br><br>v.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>       Defendants. | Court File No. 20-cv-01171-JRT-KMM |
| ANTHONY SKAALERUD,<br><br>       Plaintiff,<br><br>v.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>       Defendants. | Court File No. 20-cv-01175-JRT-KMM |

## **PLAINTIFFS' OMNIBUS REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

3M has already tried this argument and lost. And this Court refused to stay its remand order after finding that 3M has little likelihood of success on appeal. Nothing has changed in terms of 3M's ability to comply with its military contract to make earplugs and its ability to warn civilian plaintiffs. There is simply no conflict under any test and 3M cannot show otherwise. For that reason, 3M's latest removals of six additional cases should be rejected and the cases should be remanded to Judge Fraser in Minnesota state court because there is no federal jurisdiction.

To avoid that obvious and correct result, 3M tries to elevate minor language differences in these latest complaints by exaggerating the importance of these variations. But one thing is clear: these six civilian plaintiffs allege – as did Mr. Graves – one claim and one claim only; a failure to warn. Apart from allowing 3M to protect its appellate record, which Plaintiffs agree they can, this Court should not indulge 3M's antics here. Plaintiffs' motions to remand should be granted.

### The Complaints at Issue are Substantively Identical to *Graves*

Defendants make much of the argument that the Complaints in the cases at issue contain "materially different allegations" than the Complaint this Court remanded in *Graves. See, e.g.,* Doc. 18 at 4. Defendants have identified seven total phrases that vary incrementally from the *Graves* Complaint out of fifteen pages and over 50 paragraphs. With the exception of these minor distinctions in the background allegations (as well as the personal, plaintiff-specific facts), the Complaints and the claims made within them are identical.

As Plaintiffs' Counsel has pointed out previously, a manufacturer may be liable for its failure to warn "[e]ven though a product *may not be defectively designed* so as to be dangerous to one who properly uses it." *Kallio v. Ford Motor Co.*, 407 N.W.2d 92, 99 (Minn. 1987) (emphasis added). The two claims – failure to warn and design defect – rest on different sets of facts. *Compare Kallio*, 407 N.W.2d at 99, *with Holm v. Sponco Mfg. Inc.*, 324 N.W.2d 207, 212 (Minn. 1982). Failure to warn is a cause of action separate from defective design theories. *Westbrock v. Marshalltown Mfg. Co.*, 473 N.W.2d 352, 360 (Minn. Ct. App. 1991).

## Issue Preclusion Bars 3M from Asserting Jurisdiction

Defendants rely on caselaw stating that issue preclusion does not apply if "the issue sought to be precluded is not identical…" (Doc. 18 at 8) and then miss their own point. The *issue* needs to be the same – not every single word in the Complaint needs to be the same. Here, the minor differences between the underlying background information in the Complaints do not create or alter any of the issues – if they had, it would not have made sense for the Parties to agree to rely on their previous briefing and restrict their arguments here.

Defendant further suggests that the MDL's prior rulings on remand prevent issue preclusion in this case. (Doc. 18 at 9). They imply the MDL Court denials of remand in *Pate* and *Denman* are more akin to these cases than this Court's determination in *Graves*. *Id.* That argument is meritless. Both of the matters determined by the MDL Court made specific design-defect claims that, despite Defendants attempts otherwise, are simply not present in any of these Complaints. These Plaintiffs make one claim each – failure to warn.

4

They do not make any design defect claims and have no intention of adding such a claim in the future.

## Conclusion

These Complaints are nearly identical to the Complaint this Court remanded in *Graves*, and to the extent that there are minor differences, they are simply of no legal consequence. Plaintiffs respectfully request that the Court grant their Motions to Remand.

Dated: June 19, 2020                    By s/Daniel E. Gustafson
**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson (#202241)
Amanda M. Williams (#341691)
120 South 6th Street, Suite 2600
Minneapolis, Minnesota 54402
Phone: 612-333-8844
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com

**SCHWEBEL GOETZ & SIEBEN, P.A.**
William R. Sieben (#100808)
Alicia N. Sieben (#389640)
Matthew J. Barber (#397240)
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
Phone: 612-377-7777
bsieben@schwebel.com
asieben@schwebel.com
mbarber@schwebel.com

**PAUL LLP**
Richard M. Paul III
Ashlea G. Schwarz
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Phone: 816-984-8100
Rick@PaulLLP.com
Ashlea@PaulLLP.com

**ATTORNEYS FOR PLAINTIFFS**